## BLEIBDREY v. KEPPLER.

An assignment of a bail bond, by a sheriff, under his hand and seal, in the presence of two persons, who actually witnessed the transaction, is a compliance with the statute, although only one of such persons subscribes his name as a witness.

On error to the Essex Circuit.

The action was on a bail bond. The plaintiff proved the bond. He, also, proved the assignment of the bond by the sheriff to him, and that such assignment was made in the presence of two witnesses, it appearing, however, that only one of such witnesses subscribed the assignment as a witness. When the plaintiff rested, a motion was made to nonsuit, on the ground that the statute required two witnesses to the assignment. This motion being overruled, formed the ground alleged for error.

Bleibdrey v. Keppler.

For plaintiff in error, *T. Runyon.*

For defendant, *C. Borcherling.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The only error relied on for the reversal of this judgment is, that the Circuit Court held that two persons being present and witnessing the assignment of a bail bond, by the sheriff, was sufficient to validate the transfer of the instrument, although only one of such persons subscribed as a witness to such official act. The words of the statute on this subject are as follows, viz., "The sheriff or other officer, at the request and costs of the plaintiff in such action or suit, or his lawful attorney, shall assign to the plaintiff in such action the bail bond or other security taken from such bail by endorsing the same, and attesting it under his hand and seal, in the presence of two or more witnesses." It will be observed that the act requires the officer to attest the assignment under his hand and seal, but it is silent as to any ceremonious requisite on the part of the witnesses. A person who is present, and who sees and hears that which is done and said of a transaction, is as much a witness of such transaction as though he signed a written certificate of such fact. It is true that he may not be a *subscribing witness* to an instrument then executed; but in this case the statute does not call for the presence of witnesses of that particular class. The language is general, "in the presence of two or more witnesses." The language of our statute in this particular is an exact transcript of the statute of 4 and 5 *Anne*, *C.* 16, and in *Phillips* v. *Barlow*, 1 *Bing. N. C.* 433, this precise point was considered by the Queen's Bench. The decision was against the construction insisted on by the counsel of the plaintiff in error. In that case Chief Justice Tindal says: "All that is required is that the sheriff shall assign the bail bond to the plaintiff in the action 'by endorsing the same, and attesting it under his hand and seal,

in the presence of two or more credible witnesses.' That he has done; he has endorsed the bail bond, and has attested such endorsement by putting his seal to it in the presence of two or more credible witnesses. We are not to superadd to this that the witnesses shall both attest the endorsement in his presence. When the legislature has required such a course, it has been expressly enacted, as in the case of devises of land," &c. This appears to me the proper reading of the statute.

The judgment should be affirmed.

BEDLE and WOODHULL, Justices, concurred.